IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ANDERSON,
    Petitioner

    v.

WARDEN KRUGER, et al.
    Respondents

CIVIL NO. 1:13-CV-0595

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

    Edward Anderson, a District of Columbia offender incarcerated at FCI-Schuylkill in Minersville, Pennsylvania, has filed a pro se petition for a writ of habeas corpus.[1] The United States Parole Commission (Commission) revoked his supervised release on a 2008 conviction in the District of Columbia and imposed a sixteen-month term of imprisonment along with a new forty-four-month term of supervised release.

    The petition makes the following challenges to Anderson's imprisonment. First, the District of Columbia Court Services and Offender Supervision Agency (Agency) and Warden Kruger ignored the sentencing order in a 2011 conviction in the District of Columbia that ran the twenty-months' incarceration on the 2011 conviction concurrently with the supervised-release term on the 2008 conviction. Instead, in violation of the Tenth Amendment and the separation of powers, these executive-branch entities decided

---

[1] Since Petitioner is a D.C. offender, the petition is cognizable under 28 U.S.C. § 2254. *Robinson v. Reilly*, 340 F. App'x 772, 773 (3d Cir. 2009)(nonprecedential); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005)(nonprecedential).

that these terms would not run concurrently and have kept Petitioner imprisoned, contrary to the court's sentencing order. Second, the extension of Petitioner's term of supervised release was in violation of D.C. Code § 24-133(c)(2)(B), which requires that the Commission file a motion with the District of Columbia Superior Court before a supervised-release term is extended. Third, Petitioner has been unconstitutionally housed in a prison alongside aliens who have been confined because they entered the country illegally or because they have committed crimes in the United States.

II. *Background*

   The parties' submissions provide the necessary background. On November 20, 2008, the District of Columbia Superior Court sentenced Petitioner to sixteen months of imprisonment and five years of supervised release for distribution of PCP. (Doc. 8-1, ECF p. 4, criminal judgment in *United States v. Anderson*, No. 2008 CF2 10957 (D.C. Super. Ct.).

   Petitioner committed this offense while he was under supervision on a previous conviction, a 2006 conviction, also in the District of Columbia. (Doc. 8-1, ECF p. 5). On June 20, 2008, the Commission had issued a warrant charging violations of the conditions of supervised release on the 2006 conviction. Included among the violations was Petitioner's new criminal conduct. (Doc. 8-1, ECF pp. 12-13). On October 11, 2009, Petitioner finished serving his sentence on the 2008 conviction, and the Commission executed its warrant the same day. (Doc. 8-1. ECF p. 13).

On November 16, 2009, Petitioner executed a "Response to Expedited Revocation Proposal" in which he waived his right to a revocation hearing, accepted responsibility for the violations, and accepted the Commission's proposed disposition of his case. (Doc. 8-1, ECF p. 17). In accord with the proposed decision, by notice of action dated November 25, 2009, the Commission revoked petitioner's term of supervised release on the 2006 conviction and ordered that he serve five months' imprisonment. The Commission imposed no new term of supervised release on the 2006 conviction, noting that Petitioner was subject to a five-year term of supervised release on the 2008 conviction. (Doc. 18-1, ECF p. 18).

On October 11, 2009, Petitioner began serving his five-year term of supervised release. He was subject to supervision until October 10, 2014. (Doc. 8-1, ECF p. 21). On March 24, 2011, the Commission issued a warrant charging Petitioner with violating the conditions of supervision by committing several administrative violations and by committing new criminal conduct on March 19, 2011. (Doc. 8-1, ECF pp. 21-23). That new criminal conduct was the basis of a prosecution in *United States v. Anderson*, No. 2011 CF2 5047 (D.C. Super. Ct.) for possession with intent to distribute a controlled substance. (Doc. 8-1, ECF p. 23; Doc. 1, ¶ 1, ECF p. 3). On that new offense, on July 13, 2011, the District of Columbia Superior Court sentenced Petitioner to a twenty-month term of imprisonment and a five-year term of supervised release. (Doc. 8-1, ECF p. 24, sentence monitoring computation data). The Commission's warrant was placed as a detainer while Petitioner served the new sentence. (Doc. 8-1, ECF p. 34).

On January 12, 2013, Petitioner applied to the Commission for parole and indicated he had reviewed his institutional file. (Doc. 8-1, ECF pp. 35-36). On February 1, 2013, Petitioner finished serving his twenty-month sentence on the 2011 conviction, and the Commission's detainer warrant was executed the same day. (Doc. 8-1, ECF p. 37).

On March 12, 2013, the Commission held a revocation hearing. (Doc. 8-1, ECF p. 37). Petitioner admitted all of the violation charges, including the 2011 criminal offense. (Doc. 8-1, ECF p. 38). By notice of action dated May 1, 2013, the Commission found him to have violated the conditions of supervised release as charged, and revoked his supervised release term on the 2008 sentence. The Commission ordered him to serve sixteen months imprisonment from February 1, 2013, to be followed by a new supervised release term of forty-four months. (Doc. 8-1. ECF pp. 41-42). According to Bureau of Prison records available on the web, Petitioner's projected release date is December 9, 2013.

III. *Discussion*

The Commission has authority over District of Columbia offenders on supervised release. D.C. Code § 24-133(c)(2)("Such offender shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release."); D.C. Code § 403.01(b)(6)("Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release."). The Commission generally exercises the same authority

-4-

federal district courts have under 18 U.S.C. § 3583(d) through (i) over federal defendants on supervised release. D.C. Code § 24-133(c)(2); D.C. Code § 403.01(b)(6). For a D.C. offender's violations of supervised release, the Commission thus has authority to revoke the term of supervised release, to impose a sentence of incarceration, and to impose a new term of supervised release. *See* 18 U.S.C. § 3583(e)(3)(authorizing the revocation of a term of supervised release and the imposition of the service of a term of imprisonment) and (h)(authorizing imposition of a new term of supervised release). *See also Taylor v. United States Parole Comm'n*, 860 F. Supp. 2d 13, 16 (D.D.C. 2012); *Brice v. United States Parole Comm'n*, No. 10-HC-2270, 2011 WL 2746127, at \*2 (E.D.N.C. July 13, 2011); *Blount v. United States Parole Comm'n*, No. 08-CV-38, 2008 WL 4452890, at \*2 (M.D. Pa. Sept. 30, 2008). The Commission has also promulgated regulations to govern its exercise of this statutory authority. 28 C.F.R. § 2.200-2.219.

Based on the foregoing and the record in this case, we cannot accept Petitioner's argument that the warden or the Agency illegally extended his period of incarceration. The record shows that the Commission imposed the new period of imprisonment, and did so legally under the authority of District of Columbia law.[2] To the extent Petitioner's Tenth Amendment argument would apply to the Commission, it also is meritless. *See Smallwood v. United States Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011).

---

[2] The cited statutory sections also dispose of Petitioner's claim that Respondents must produce a court order authorizing his detention.

Petitioner contends that the court on his 2011 conviction ordered that the twenty-month sentence imposed there run concurrently with the five-year term of supervised release on the 2006 conviction. We reject this contention. First, Petitioner has not supplied us with a copy of the 2011 sentencing order. Second, the docket for that case does not show that the sentence was to run concurrently with the previous term of supervised release; Petitioner was only supposed to receive "credit for time served."[3] Third, as Respondents point out, District of Columbia law prohibits a term of supervised release from running while an offender is serving a term of imprisonment. *See* D.C. Code 24-403.01(b)(5)("A term of supervised release does not run during any period in which the offender is imprisoned in connection with a conviction for a federal, state, or local crime unless the period of imprisonment is less than 30 days.").

Petitioner next argues that the new term of supervised release was illegal because under D.C. Code § 24-133(c)(2)(B) a motion had to be filed in the District of Columbia Superior Court before his term of supervised release could be extended. Section 24-133(c)(2)(B), as an exception to the Commission's general authority over offenders on supervised release, does require the Commission to seek the approval of the Superior Court if it wants to extend a term of supervised release. An identical provision is located at D.C. Code § 24-403.01(b)(6)(B). We reject this argument because the Commission did not extend Petitioner's term of supervised release; it revoked the term and imposed a new one. The relevant statutory provisions apply only when the

---

[3] The docket can be accessed through www.dccourts.gov.

Commission seeks an extension of a term of supervised release. *Kier v. Killian*, No. 08-CV-928, 2008 WL 3457000, at *3-4 (S.D.N.Y. Aug. 11, 2008). The Commission's regulation dealing with an extension of a term of supervised release recognizes this distinction. See 28 C.F.R. § 2.210(c)("The provisions of this section shall not apply to the Commission's determination of an appropriate period of further supervised release following revocation of a term of supervised release.").

In any event, even if we applied the statutory provisions dealing with an extension of a supervised-release term, they would not have required the Commission to seek the approval of the superior court. As Respondents argue, both section 24-133(c)(2)(B) and section 24-403.01(b)(6)(B) refer to an extension under 18 U.S.C. § 3583(e)(2). Subsection (e)(2) authorizes an extension of the supervised-release term "if less than the maximum authorized term was previously imposed . . . ." Petitioner's 2006 conviction was for distribution of PCP, a violation of D.C. Code § 48-904.01(a)(1). (Doc. 8-1, ECF pp. 4, 7). The maximum term of imprisonment for this offense is thirty years. *Id.* § 48-904.01(a)(2)(A). The sentence imposed was sixteen months. In these circumstances, the court was required to impose a mandatory five-year term of supervised release. D.C. Code § 24-403.01(b)(2)(A)(requiring the court to impose a five-year term of supervised release when sentencing an offender to more than a year's imprisonment for an offense with a maximum term of imprisonment of more than twenty-five years). This is the maximum term of supervised release. *See* 28 C.F.R. § 2.219(c)(table for maximum term of imprisonment and maximum term of supervised

-7-

release for various offenses).  Since the sentencing court imposed the maximum term of supervised release, no motion had to be filed with the superior court, as such a motion need only be made when less than the maximum term was imposed.

Finally, we agree with Respondents that Petitioner cannot pursue in section 2254 proceedings a claim that he is unconstitutionally housed in a prison alongside aliens who are confined because they entered the country illegally or because they committed crimes in the United States.  Section 2254 proceedings are habeas ones, and they can be used to challenge the fact or duration of confinement, *Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. 2011)(nonprecedential), or the execution of a sentence.  *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  However, "'when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 is appropriate.'"  *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)(quoting *Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002)(brackets in *McGee*)).  It follows that Petitioner can only bring his conditions-of-confinement claim in a civil-rights action.  We will therefore dismiss this claim, but without prejudice to Petitioner's bringing it in a civil-rights action.  *See Meyers v. Martinez*, 427 F. App'x 125, 127 (3d Cir. 2011)(nonprecedential).

IV.  *Conclusion*

We will issue an order denying the section 2254 petition, with the exception of the conditions-of-confinement claim, which will be dismissed without prejudice.  The order will also deny a certificate of appealability, based on the analysis in this

-8-

memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

September 5, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ANDERSON,
    Petitioner

   v.

WARDEN KRUGER, et al.
    Respondents

CIVIL NO. 1:13-CV-0595

(Judge Caldwell)

*O R D E R*

AND NOW, this 5th day of September, 2013, it is ordered that:

  1.  The petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED, except for the conditions-of-confinement claim, which is dismissed without prejudice.

  2.  Petitioner's motion (Doc. 9) to strike and motion (Doc. 10) to reverse are DENIED.

  3.  A certificate of appealability is denied.

  4.  The Clerk of Court shall close this file.

                        /s/ William W. Caldwell
                        William W. Caldwell
                        United States District Judge